# NOS. 12-14-00366-CR
# 12-14-00367-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ELIJAH BROWN,*<br>*APPELLANT* | § | *APPEALS FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Elijah Brown appeals the revocation of his deferred adjudication community supervision in two causes. Appellant's counsel filed a brief in each cause in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

<u>BACKGROUND</u>

Appellant was charged by separate indictments with burglary of a habitation and pleaded "guilty" to each charge. The trial court deferred finding Appellant "guilty" of the charges and placed him on community supervision for five years in each cause.

On August 12, 2014, the State filed motions to proceed to final adjudication alleging that Appellant had violated certain terms and conditions of his community supervision in each cause. On September 30, 2014, a hearing was conducted on the State's motions, at which Appellant pleaded "not true" to the allegations. Following the hearing, the trial court found that Appellant had violated multiple terms and conditions of his community supervision as alleged in the State's motions. Thereafter, in each cause, the trial court revoked Appellant's community supervision,

adjudicated him "guilty" as charged, and sentenced him to imprisonment for twelve years. This appeal followed.

## ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel filed briefs in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record in each cause and is of the opinion that the records reflect no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in these cases. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's briefs present a chronological summation of the procedural histories of the cases and further state that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the records for reversible error and have found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motions for consideration with the merits. Having done so and finding no reversible error, we *grant* Appellant's counsel's motions for leave to withdraw and *affirm* the trial court's judgments.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgments to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal

---

[1] Counsel for Appellant sets forth in his motions to withdraw that he provided Appellant with a copy of these briefs. Appellant was given time to file his own briefs in this cause. The time for filing such a brief has expired and we have received no pro se briefs.

Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 22, 2015

NO. 12-14-00366-CR

**ELIJAH BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court

of Trinity County, Texas (Tr.Ct.No. 10161-A)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 22, 2015

NO. 12-14-00367-CR

**ELIJAH BROWN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 411th District Court

of Trinity County, Texas (Tr.Ct.No. 10078-A)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*